KARIN G. PAGNANELLI (SBN 174763), kgp@msk.com
MARC E. MAYER (SBN 190969), mem@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiff
Take-Two Interactive Software, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TAKE-TWO INTERACTIVE SOFTWARE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANGELO PAPENHOFF, a/k/a AAP, an individual; THEO MORRA, an individual; ERAY ORÇUNUS, an individual; ADRIAN GRABER, an individual; DOE 1 a/k/a ASH R. and ASH_735, an individual; and DOES 2 through 10, inclusive, <br><br> Defendants. | CASE NO. 3:21-CV-6831-TSH <br><br> The Honorable Thomas S. Hixson <br><br> **ADMINISTRATIVE MOTION OF PLAINTIFF TAKE-TWO INTERACTIVE SOFTWARE, INC. FOR ALTERNATIVE SERVICE ON THEO MORRA, ADRIAN GRABER AND ERAY ORÇUNUS** <br><br> [Declaration of Karin G. Pagnanelli and [Proposed] Order filed concurrently herewith] |

Pursuant to Civil Local Rule 7-11, Plaintiff Take-Two Interactive Software, Inc. ("Take-Two" or "Plaintiff") hereby requests the Court's permission to serve Defendants Theo Morra, Adrian Graber and Eray Orçunus (collectively, "Defendants") by alternative means. Specifically, Take-Two wishes to serve Defendant Orçunus by post and email, and Defendants Graber and Morra by post. Service by those means is appropriate because Defendants each voluntarily agreed to accept service of process from Take-Two as part of their submission of a "counter notification" under Section 512(g)(3) of the Digital Millennium Copyright Act ("DMCA"), and each Defendant's counter notification identified a postal and/or email address at which they may be served. Accordingly, no due process issues are implicated; Take-Two merely seeks the Court's formal approval to complete service on Defendants via the contact information provided when Defendants submitted their counter notifications. *See* 17 U.S.C. § 512(g)(3)(D).

## I. THE DMCA'S "NOTICE AND TAKE-DOWN" AND "COUNTER NOTIFICATION" PROCEDURES.

The DMCA's statutory "notice and take-down" procedure gives copyright holders an informal means of stopping the dissemination of allegedly infringing content. *See* 17 U.S.C. 512(c). Under the DMCA, when an internet service provider (ISP) receives a formal notice of infringement, the ISP may limit its liability if, "upon notification of [the] claimed infringement … [the ISP] responds expeditiously to remove, or disable access to, the material that is claimed to be infringing or to be the subject of infringing activity." 17 U.S.C. § 512(c)(1)(C). The DMCA also provides a procedure through which the user who uploaded the content may send the ISP a "counter notification" which, under certain circumstances, permits the ISP to reinstate the content without risk of liability. 17 U.S.C. § 512(g). However, to be valid, a counter notification must:

> be a written communication provided to the service provider's designated agent that includes substantially the following: … The subscriber's name, address, and telephone number, and a statement that ***the subscriber consents to the jurisdiction of Federal District Court*** for the judicial district in which the address is located, or if the subscriber's address is outside of the United States, ***for any judicial district in which the service provider may be found, and that the subscriber will accept service of process from the person who provided notification*** under subsection (c)(1)(C) or an agent of such person.

17 U.S.C. § 512(g)(3)(D) (emphasis added).  In other words, the alleged infringer may have the content "put back" if that person or entity consents to jurisdiction and service of process, so that the copyright owner may have the dispute expeditiously heard by a U.S. federal court.

## II.  BACKGROUND

Take-Two is the publisher of the enormously popular *Grand Theft Auto* ("GTA") series of video games, including *Grand Theft Auto III* ("GTA3") and *Grand Theft Auto: Vice City* ("Vice City") (collectively the "Games").  Compl. ¶¶ 17-18.  Released in 2001 and 2002, respectively, GTA3 and Vice City were highly influential, received significant acclaim, and sold over 30 million copies combined.  *Id.*  The Games, re-released in 2011 for updated and new platforms, continue to be available for sale on Windows PCs, video game consoles, and mobile devices.  *Id.*

Defendants are among the organizers of projects known as "re3" (short for "reverse-engineered GTA3") and "reVC" (short for "reverse-engineered Vice City") and are developers of derivative software code created and distributed as part of those projects.  Compl. ¶ 21.  The stated purpose of re3 and reVC is to fully re-create the underlying software code for the Games with purported "changes and improvements," including compatibility with handheld consoles.  Compl. ¶ 22.  Defendants and those working with them have created publicly available source code "repositories" on GitHub.com (a website that allows members of the public to post, collaborate on, and distribute source code).  *Id.*  Over time, Defendants have supplemented, refined, and updated these repositories, which now contain a full set of derivative software files for the Games.  *Id.*

On or about February 19, 2021, prior to filing suit, Take-Two submitted a statutorily compliant DMCA notice and takedown to GitHub for, among others, the repository located at https://github.com/GTAmodding/re3.  Declaration of Karin G. Pagnanelli ("Pagnanelli Decl.") ¶ 2, Ex. 1.  On or shortly after that date, GitHub removed and disabled the materials available at that location from its site.  Pagnanelli Decl. ¶ 2.  On or about June 6, 2021, Defendant Orçunus submitted to GitHub a Section 512(g)(2)(b) counter notice stating, under penalty of perjury, that the repository was removed and disabled by GitHub by mistake because "[t]he code in this repo was developed by reverse engineering object code that is not contained in this repo.  We believe

that any code in this repo that is similar to code or other content owned by Take-Two is either unprotected by copyright or is permitted under fair use." Pagnanelli Decl. ¶ 3, Ex. 2. The counter notice also states "I consent to the jurisdiction of Federal District Court for the judicial district in which my address is located (if in the United States, otherwise the Northern District of California where GitHub is located), and I will accept service of process from the person who provided the DMCA notification or an agent of such person." *Id.* Orçunus' counter notice identified a postal address in Turkey and email address at which he could be contacted. *Id.*

On or about February 19, 2021, prior to filing suit, Take-Two submitted a statutorily compliant DMCA notice and takedown to GitHub for, among others, the repository located at https://github.com/td512/re3. Pagnanelli Decl. ¶ 2, Ex. 1. On or shortly after that date, GitHub removed and disabled the materials available at that location from its site. Pagnanelli Decl. ¶ 2. On or about April 8, 2021, Defendant Morra sent to GitHub a Section 512(g)(2)(b) counter notice stating, under penalty of perjury, that the repository was removed and disabled by GitHub "as a result of a mistake or misidentification of the material to be removed or disabled." Pagnanelli Decl. ¶ 4, Ex. 3. The counter notice also states "I consent to the jurisdiction of Federal District Court for the judicial district in which my address is located (if in the United States, otherwise the Northern District of California where GitHub is located), and I will accept service of process from the person who provided the DMCA notification or an agent of such person." *Id.* Morra's counter notice identified a postal address in New Zealand at which he could be contacted. *Id.*

On or about February 19, 2021, prior to filing suit, Take-Two submitted a statutorily compliant DMCA notice and takedown to GitHub for, among others, the repository located at https://github.com/AGraber/re3-nx. Pagnanelli Decl. ¶ 2, Ex. 1. On or shortly after that date, GitHub removed and disabled the materials available at that location from its site. Pagnanelli Decl. ¶ 2. On or about May 13, 2021, Defendant Graber sent to GitHub a Section 512(g)(2)(b) counter notice stating, under penalty of perjury, that the repository was removed and disabled by GitHub "as a result of a mistake or misidentification of the material to be removed or disabled." Pagnanelli Decl. ¶ 5, Ex. 4. The counter notice also states "I consent to the jurisdiction of Federal

District Court for the judicial district in which my address is located (if in the United States, otherwise the Northern District of California where GitHub is located), and I will accept service of process from the person who provided the DMCA notification or an agent of such person." *Id.* Graber's counter notice identified a postal address in Germany at which he could be contacted. *Id.*

## III. SERVICE ON DEFENDANTS VIA POST AND EMAIL IS APPROPRIATE.

Rule 4(f)(3) states: "Unless federal law provides otherwise, an individual … may be served at a place not within any judicial district of the United States: … by other means not prohibited by international agreement, as the court orders." A plaintiff need not attempt service by traditional means before seeking leave under FRCP 4(f)(3); they must only "demonstrate that the facts and circumstances … necessitate[] the district court's intervention." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). "[S]ervice under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text." *Id.* at 1014. "[T]he method of service crafted by the district court must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. at 1016 (citations and quotations omitted). Where this requirement is met, "trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to defendant's last known address, delivery to the defendant's attorney, telex, and most recently email." *Id*. at 1018. *See also St. Francis Assisi v. Kuwait Fin. House*, 2016 WL 5725002, *1 (N.D. Cal. Sep. 30, 2016) (service via Twitter satisfied due process); *FTC v. PCCare247 Inc.*, 2013 WL 841037,*6 (S.D.N.Y. Mar. 7 2013) (service via email and Facebook satisfied due process).

As the foregoing makes clear, the purpose of the counter notification scheme is to permit ISPs who store content at the direction of users (*e.g.*, GitHub) to continue distributing allegedly infringing content as long as a complainant may sue users who have contested removal without facing procedural hurdles. Here, Defendants provided Take-Two (and GitHub) with their postal addresses (and Orçunus his email address) and agreed to accept service. Accordingly, this Court should allow Take-Two to serve Defendants as provided in the counter notifications.

No due process issues are implicated. First, Defendants **agreed** to accept service when they sent counter notifications to GitHub, a U.S. ISP, and provided contact information. *See* 17 U.S.C. § 512(g)(3)(D).[1] Second, service via post and/or email under these circumstances is not prohibited by international agreement. Third, both methods are reasonably calculated to give notice, because the contact information was provided by Defendants.[2] And fourth, there is no prejudice to Defendants because they will be sent copies of the summons and complaint and have proper notice of this lawsuit, giving them an opportunity to present objections.

### IV.  SERVICE ON GRABER AND MORRA VIA EMAIL IS ALSO APPROPRIATE.

If Take-Two cannot serve Graber and Morra at their postal addresses, Take-Two requests leave to serve them by email. When other methods prove futile, courts allow service by email. *See, e.g.*, *Xcentric Ventures, LLC v. Karsen, Ltd.*, 2011 WL 3156966, *1 (D. Ariz. July 26, 2011) ("By filing the counter-notice, defendant expressly agreed to accept service of process at its Russian address. Plaintiff attempted to perform service there but was unsuccessful…. In the absence of a correct address, plaintiff cannot personally serve defendant in Russia. It seems the only medium effective at reaching defendant is email."). Here, Graber's and Morra's GitHub pages on which their infringing repositories were located direct viewers to websites and/or email addresses through which they may be contacted. Pagnanelli Decl. ¶¶ 8, 10, 11, Exs. 7, 9, 10.

### V.  CONCLUSION

Take-Two respectfully requests that the Court grant its administrative motion.

---

[1] All Defendants read and write in English and submitted their respective counter notices in English. *See* Pagnanelli Decl. ¶¶ 3-11, Exs. 2-10.

[2] Graber's and Morra's GitHub pages identify their email addresses and/or direct to personal websites containing email addresses at which they may be contacted. *Gurung v. Malhotra*, 279 F.R.D. 215, 220 (S.D.N.Y. 2011) ("Where, as here, a plaintiff demonstrates that service via electronic mail is likely to reach the defendant, due process is satisfied.").

| | |
|---|---|
| DATED: September 8, 2021 | Respectfully Submitted, |
| | KARIN G. PAGNANELLI<br>MARC E. MAYER<br>MITCHELL SILBERBERG & KNUPP LLP |
| | By: */s/ Karin G. Pagnanelli*<br>    Karin G. Pagnanelli<br>    Marc E. Mayer<br>    Attorneys for Plaintiff<br>    Take-Two Interactive Software, Inc. |